# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **BERKSHIRE BANK,**<br>　　　*Plaintiff*<br><br>**v.**<br><br>**SICHEM, INC; ADEMOLA**<br>**AKINWUMI OYEROKUN; and**<br>**OLUWASEYI OLABAMIPE**<br>**OYEROKUN;**<br>　　　*Defendants* | § § § § § § § § § § § | **Case No. 1:24-cv-01275-RP** |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ROBERT PITMAN**
**　　　UNITED STATES DISTRICT JUDGE**

Now before the Court are Plaintiff Berkshire Bank's Renewed Motion for Default Judgment Against Defendants Ademola Akinwumi Oyerokun and Oluwaseyi Olabamipe Oyerokun ("Individual Defendants"), filed March 31, 2025 (Dkt. 18), and Plaintiff's Jurisdictional Brief, filed May 27, 2025 (Dkt. 21).[1]

Plaintiff sued Sichem, Inc. and the Individual Defendants for breach of contract on October 23, 2024. Plaintiff alleges that it issued a $1.2 million Small Business Administration loan to Sichem as borrower under a promissory note ("Note") and that the Individual Defendants served as guarantors. Complaint, Dkt. 1 ¶¶ 9, 14-15. Plaintiff further alleges that Defendants failed to pay the entire amount due under the Note. *Id.* ¶¶ 16-18. Plaintiff seeks damages against Defendants, jointly and severally. *Id.* at 7.

---

[1] By Text Order entered April 21, 2025, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

The District Court stayed Plaintiff's claims against Sichem after Plaintiff notified the Court that Sichem filed a voluntary petition for bankruptcy. Dkt. 9. The District Court did not stay the claims against the Individual Defendants. *Id.*

Plaintiff served the Individual Defendants with the summons and Complaint on November 2, 2024. Dkts. 4, 5. The Individual Defendants have not appeared. The District Court denied Plaintiff's first motion for default judgment because Plaintiff had not yet obtained entry of default. Dkts. 11, 12. The Clerk entered default against the Individual Defendants on March 27, 2025. Dkt. 16. Plaintiff now seeks entry of default judgment against them. Dkt. 18 at 7.

## I. Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id.* Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

After entry of default, the plaintiff's well-pleaded factual allegations are taken as true, except as to damages. *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu,* 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's well-pleaded allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. *Nishimatsu,* 515 F.2d at 1206.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

## II.    Analysis

The Court finds that Plaintiff's motion for default judgment is premature because its claims against Sichem remain pending. As a general rule, "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A MARY KAY KANE & ADAM N. STEINMAN, FEDERAL PRACTICE AND PROCEDURE (WRIGHT & MILLER) § 2690 (4th ed. 2025 Update); *see also Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022) ("When a case involves multiple defendants, courts may not grant default judgment against one defendant if doing so would conflict with the position taken by another defendant."). This rule stems from *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), in which the Supreme Court held that

> if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

Following *Frow*, many courts have held that when there is a potential for joint liability against multiple defendants, the court should withhold entry of a final default judgment to avoid the risk of inconsistent adjudications. *See, e.g.*, *Jones v. Allure Staffing Sols., LLC*, No. 1:19-CV-1057-RP, 2020 WL 5026871, at *2 (W.D. Tex. Aug. 24, 2020) (finding that it would be improper to enter final default judgment until judgment was obtained against answering defendants), *R. & R. adopted*, No. 1:19-CV-1057-RP, 2020 WL 10054528 (W.D. Tex. Sept. 7, 2020); *Hamilton v. EnerSafe, Inc.,* No. SA-15-CA-00965-DAE, 2018 WL 7018025, at *3 (W.D. Tex. Sept. 18, 2018) (same), *R. & R. adopted*, No. 5:15-CV-965-DAE, 2018 WL 7822064 (W.D. Tex. Dec. 19, 2018);

*Wieck v. Synrg. Royce LLC*, No. A-17-CV-599-LY, 2018 WL 620048, at \*1-2 (W.D. Tex. Jan. 30, 2018) ("If the court did otherwise, it might enter judgment for the plaintiff against the defaulting defendant, only to later enter judgment *against* the plaintiff on the same claim against the other defendant."), *R. & R. adopted*, No. A-17-CV-599-LY, 2018 WL 4732083 (W.D. Tex. Aug. 17, 2018). Because Plaintiff's claims against Sichem remain pending and Plaintiff seeks to hold Defendants jointly and severally liable, this Magistrate Judge finds that it is inappropriate to enter a default judgment against Individual Defendants at this time.

### III.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Plaintiff Berkshire Bank's Renewed Motion for Default Judgment Against Defendants Ademola Akinwumi Oyerokun and Oluwaseyi Olabamipe Oyerokun (Dkt. 18).

The Clerk is **ORDERED** to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

### IV.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 10, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE