IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERKSHIRE BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-1275-RP |
| | § | |
| SICHEM, INC., ADEMOLA AKINWUMI OYEROKUN, and OLUWASEYI OLABAMIPE OYEROKUN, | § § § § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the report and recommendation from United States Magistrate Judge Susan Hightower concerning Plaintiff Berkshire Bank's ("Plaintiff") Renewed Motion for Default Judgment Against Defendants Ademola Akinwumi Oyerokun and Oluwaseyi Olabamipe Oyerokun (collectively, the "Individual Defendants"), (Dkt. 18). (R. & R., Dkt. 22). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Hightower issued her report and recommendation on June 10, 2025. (*Id.*). As of the date of this order, no party has filed objections to the report and recommendation.

Plaintiff sued Defendant Sichem, Inc. ("Sichem") and the Individual Defendants for breach of contract on October 23, 2024. (Dkt. 1). Plaintiff seeks damages against all three defendants, jointly and severally. (*Id.* at 7). On January 14, 2025, the Court stayed Plaintiff's claims against Sichem after Plaintiff notified the Court that Sichem filed a voluntary petition for bankruptcy. (Dkt. 9). The Court did not stay the claims against the Individual Defendants.

On November 2, 2024, Plaintiff served the Individual Defendants with the summons and Complaint. (Dkts. 4, 5). The Individual Defendants have not appeared. The Clerk entered default against the Individual Defendants on March 27, 2025. (Dkt. 16). Plaintiff has now moved for entry

1

of default judgment against them. (Dkt. 18). In her report and recommendation, the United States Magistrate Judge recommends that this Court deny without prejudice Plaintiff's motion for default judgment as premature because its claims against Sichem remain pending and Plaintiff seeks to hold all defendants jointly and severally liable. (R. & R., Dkt. 22, at 3–4).

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order. The Court finds that Plaintiff's motion for default judgment should be denied without prejudice for the reasons articulated by the United States Magistrate Judge. At this point, this litigation cannot proceed until Sichem's bankruptcy proceeding has concluded, and Plaintiff's claims against it are unstayed in this action. Accordingly, the Court further finds that this case should be stayed in its entirety until the bankruptcy proceeding has concluded.

For these reasons, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 22), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion for Default Judgment Against the Individual Defendants, (Dkt. 18), is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile its motion for default judgment against the Individual Defendants once its claims against Sichem have been resolved.

**IT IS FURTHER ORDERED** that this case is **STAYED** in its entirety until the conclusion of Sichem's bankruptcy action.

**IT IS FINALLY ORDERED** that Plaintiff continue to file status reports with this Court on a quarterly basis detailing the status of the bankruptcy action, with the next report being due on **July 14, 2025**. Additionally, the parties are **ORDERED** to notify this Court immediately should the bankruptcy action be terminated.

**SIGNED** on June 27, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE